1  David C. Parisi (SBN 162248)
2  Suzanne Havens Beckman (SBN 188814)
   PARISI & HAVENS, LLP
3  15233 Valleyheart Drive
   Sherman Oaks, California 91403
4  Telephone: (818) 990-1299
   dcparisi@parisihavens.com
5  shavens@parisihavens.com

7  ATTORNEYS FOR PLAINTIFF

10                    **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                              **SAN JOSE DIVISION**

| | |
|---|---|
| MELINDA AMEZCUA, individually and on behalf of a class of similarly situated individuals, | CASE NO. C 08 04390 PVT |
| Plaintiff, | **PLAINTIFF MELINDA AMEZCUA'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| v. | Date: December 16, 2008 |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware general partnership, MOBILEFUNSTER, INC. d/b/a FUNMOBILE, a Delaware corporation, FUNMOBILE GAMES, INC., a Delaware corporation, | Time: 10:00 a.m.<br>Dept: Courtroom 5, 4th Floor<br>Judge: Patricia V. Trumbull<br><br>Date Action Filed: 9/18/2008<br>No Trial Date Set |
| Defendants. | |

Rather than attempt to meet its burden of proof – showing by a preponderance of the evidence that more than $5,000,000 is in controversy – Defendant Mobilefunster, Inc. ("Mobilefunster") relies upon mischaracterizations of Plaintiff's Complaint and *total* revenue figures for a period of only six months in a veiled attempt to shield itself from addressing the actual cost to consumers of a critical problem within its own systems.  As plaintiff's counsel in *Belsly v. Funmobile Games, Inc.*, No. 08 C 4170, 2008 WL 4696155 (N.D. Ill. 2008), correctly pointed out, four District Court Judges have agreed that mere gross revenue figures and subjective characterizations of a complaint's allegations are not enough to establish CAFA jurisdiction.  Accordingly, Mobilefunster has not proven that at least $5,000,000 is in controversy, and therefore, this Court should remand the underlying action to the Superior Court of the State California, County of Santa Clara.

**I. ARGUMENT**

    **A.     Mobilefunster's Total Revenue From Mobile Content Services for the First Half of 2008 Does Not Establish the Amount-In-Controversy**

Mobilefunster has taken the position that the Complaint's allegations place its entire revenue in controversy, thereby allowing its gross revenue from the first half of 2008 ($29.3 million) to satisfy CAFA's $5,000,000 requirement.  Mobilefunster is mistaken.  Plaintiff does not allege that *all* amounts collected for mobile content were improper, only that some of those charges were, in fact, unauthorized.

To deflect attention from its evidentiary failure, Mobilefunster asserts that it is not required to prove "plaintiff's case for her."  This is not in dispute.  Mobilefunster has the burden of proving the amount in controversy—not what Plaintiff will actually recover. *Deehan v. Amerigas Partners, LP*, 2008 WL 4104475, *2 (S.D. Cal. Sept. 2, 2008).  As the Seventh Circuit has recognized, a plaintiff uses its complaint to frame the amount in controversy.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)

(amount in controversy "concerns what the plaintiff is claiming"). Therefore, Mobilefunster's burden requires it to show "what the stakes of the litigation *are* given the plaintiff's actual demands." *Id.* at 449.

Unlike the defendants in the cases Mobilefunster relies upon for support, it has not even attempted to estimate the amount of revenue generated from unauthorized mobile content charges—the amount Plaintiff has placed in controversy. Instead, Mobilefunster relies upon *gross* revenue from a mere six-month period. For example, in *Deehan v. Amerigas Partners LP*, No. 08-cv-1009-BTM (JMA), 2008 WL 4104475, the court denied the plaintiff's motion to remand only after the defendant was able to provide sufficient evidence of the size of the class and the minimum damages each class member was entitled (a $500 statutory penalty). 2008 WL 4104475 at *1.

To establish the amount-in-controversy, Mobilefunster relies upon total revenue figures and its entire customer base, multiplying the total number of customers (817,000) by the average charge incurred by those "customers." Those estimates, however, speak nothing of the number of consumers charged without authorization, not to mention the average amount billed to such "customers" without their consent. In essence, then, Mobilefunster argues that it charges each of its 817,000 "customers" an average of $9.00 a month without their authorization.

### B.  Mobilefunster Has Not Presented Sufficient Evidence Upon Which a Potential Punitive Damages Award Could be Based

In its response to remand, Mobilefunster correctly points out that punitive damages may be considered when calculating the amount in controversy. Mobilefunster has failed, however, to advance any evidence of the amount of compensatory damages upon which an award of punitive damages may be calculated. Instead, Mobilefunster arbitrarily chose a compensatory award of $500,000, which "coincidentally," represents 1.5% of its total revenue

for the first half of 2008, to establish the amount in controversy ($500,000 x 9 = $4.5 million + $500,000 = $5million).  (*See* Def.'s Resp. at 7.)  Thus, Mobilefunster conveniently plucks numbers from thin air simply to satisfy CAFA's $5 million amount-in-controversy requirement—not because such numbers are based upon any objective criteria.  Mobilefunster's assumptions, however, cannot form the basis for the exercise of jurisdiction.  Federal law requires more. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *see also Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)("[R]emoval 'cannot be based simply upon conclusory allegations' where the ad damnum is silent.") (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)); *Hohn v. Volkswagen of Am., Inc.*, 837 F. Supp. 943, 945 (C.D. Ill. 1993) ("Although it may be tempting to simply assume that Plaintiffs will seek amounts that [will] meet and exceed the . . . jurisdictional minimum, jurisdiction cannot be based upon probabilities, surmise, or guesswork."); *BEMI, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553-54 (7th Cir. 2002) (amount in controversy cannot be based on speculation).  And, rather than advancing authority to support its propositions, Mobilefunster actually affirms Plaintiff's arguments by citing directly to the same authorities found in Plaintiff's Memorandum in Support of Her Motion to Remand.  (*See* Def.'s Resp. at 7-8); *see e.g. Munro v. Golden Rule Ins. Co.*, 393 F.3d 720, 721 (7th Cir. 2004)(refusing to apply multiplier of at least 10, but only after recognizing that the parties were able to put forth an exact figure for compensatory damages).

> **C.     At Least Four Other Courts Have Rejected CAFA Jurisdiction Where Defendants Relied Upon Similar Insufficient Evidence to Satisfy the Amount in Controversy Requirement**

Four District Court Judges—one in the Central District of California, two in the Northern District of Illinois, and another in the Southern District of Florida—have rejected CAFA jurisdiction where defendants presented evidence of the amount in controversy similar to that advanced by Mobilefunster here.  *See Wallace v. Universal Music Group, Inc.*, No. CV 08-04553 (C.D. Cal. September 5, 2008) (attached hereto as Exhibit A); *Fiddler v. AT&T*

*Mobility, LLC*, No. 08-416, 2008 WL 2130436 (N.D. Ill. May 20, 2008); *Paluzzi v. Cellco P'ship*, No. 08 C 0405 (N.D. Ill. Apr. 29, 2008) *petition for leave to appeal denied*, (attached hereto as Exhibit B); and, *Gray v. Cellco P'ship*, No. 08-60146 (S.D. Fla. March 26, 2008) (attached hereto as Exhibit C).

In *Fiddler*, the court declined to exercise CAFA jurisdiction where the defendants provided no more evidence than the "total gross revenue from third-party mobile content from Illinois subscribers' and the 'aggregate retail value of the traffic'…." 2008 WL 2130436 at *2.  Defendants' evidence of "total sales during the relevant time period [brought them] no closer to establishing the amount in controversy" because they "[had] not provided even an estimation of the portion of total sales implicated by [plaintiff's] claims."  *Id.*; *see also Gray*, No. 08-60146, Exhibit C (refusing to speculate as to the size of the class and the claims of each class member).

Similarly, in *Wallace*, Defendant Universal Music Group, Inc., in much the same way Mobilefunster does here, attempted to pluck a favorable percentage from thin air, arguing that the Court need only assume that 1% of U.S. mobile phone users received unauthorized charges for mobile content related to Universal.  Refusing to take that leap of faith, the Court held that Universal "failed to establish, beyond mere speculation, that the amount in controversy more likely than not [exceeded] $5 million…."  No. CV-08-04553, Exhibit A, p. 2-3; *accord Paluzzi*, No. 08 C 0405, Exhibit B at 4 (refusing to exercise CAFA jurisdiction based upon defendant's selection of a percentage of total mobile content revenue that would satisfy CAFA's requirements).

**D.    *Spivey* Does Not Support Defendants' Position**

Defendant makes much of the fact that it was successful in defeating a motion to remand in the case of *Belsly v. Funmobile Games, Inc.*, No. 08 C 4170, 2008 WL 4696155

(N.D. Ill. 2008). District Court judges in the Northern District of Illinois have twice denied remand when presented with evidence of total revenue generated from mobile content services. *See Panter v. Alltel Corporation*, No. 08-cv-2097 (N.D. Ill. July, 11, 2008) (attached hereto as Exhibit D); *Belsly v. Funmobile Games, Inc.*, No. 08-cv-4170, 2008 WL 4696155 (N.D. Ill. October 23, 2008). In finding that Alltel and Mobilefunster satisfied their burden of proving $5,000,000 million at issue, Judge Moran and Judge Andersen relied, in large part, on precedent unique to the Seventh Circuit. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir. 2008).

In *Spivey*, the Seventh Circuit addressed allegations of unauthorized charges placed on customer credit card and other billing statements. *Id.* at 985-86. In finding that CAFA's $5,000,000 jurisdictional threshold had been satisfied, the Court held that although the defendant did not identify what portion of the almost $7 million in charges were unauthorized, the Plaintiff's allegations that making unauthorized charges was part of the defendant's "standard practice" "put into 'controversy' the propriety of all of [defendant's] charges.…" *Id*. The Ninth Circuit, however, is not bound by the decision reached in *Spivey*. Even if it were so bound, the holding is of no consequence because no such allegation is present in this case.

Further, Mobilefunster's reliance upon *Muniz v. Pilot Travel Centers, LLC*, No. CIV-S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007), is misplaced and actually cuts in Plaintiff's favor. *Muniz* supports Plaintiff's contention that the amount in controversy is in fact limited to the amount of unauthorized charges billed and collected. "[F]or purposes of remand, the court must accept as true *plaintiff's* allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Id.* at *3 (internal citations omitted). Plaintiff seeks damages only for *unauthorized* charges. Hence, Mobilefunster's evidence of gross revenue figures and its entire customer base brings it no closer to establishing the amount-in-controversy.

## II. Conclusion

It is Mobilefunster's burden to prove that at least $5,000,000 is at issue in this case. Without evidence of (or even an attempt to estimate) the revenue generated from unauthorized mobile content charges – the amount in controversy – Mobilefunster has failed to satisfy its burden.

**WHEREFORE**, Plaintiff Melinda Amezcua prays that this Honorable Court remand the underlying action to the Superior Court of the State of California, County of Santa Clara, or, in the alternative, reserves its ruling on the issue of whether Mobilefunster has shown that federal diversity jurisdiction is available under CAFA and grant Plaintiff leave to conduct limited discovery on the issue of the amount in controversy in this case, award reasonable attorneys' fees incurred in connection with the prosecution of this motion, and award such other and further relief as the Court deems equitable and just.

Respectfully submitted,

Dated: December 2, 2008                PARISI & HAVENS LLP

By: /s/ David C. Parisi_____
    DAVID C. PARISI
    Attorneys for Melinda Amezcua, individually
    and on behalf of a class of similarly situated
    individuals